# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN KAMUHANDA,<br># A21-095-005, § § § | | |
| Petitioner § § | | |
| v. § § | | Civil Action<br>No. SA-10-CA-137-FB |
| JANET NAPOLITANO, Secretary of the § § §<br>Department of Homeland Security, ET AL., | | |
| Respondents § | | |

# S H O W   C A U S E   O R D E R

Before the Court is Petitioner Benjamin Kamuhanda's 28 U.S.C. § 2241 Habeas Corpus Petition challenging his detention pending removal pursuant to an order of the U.S. Department of Homeland Security's Bureau of Immigration and Customs Enforcement. Petitioner, a citizen of Uganda, complains he has been in custody since December 3, 2009 without being removed and he claims his detention violates due process and *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

The Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), provides that an alien subject to a removal order may be detained pending removal; therefore Kamuhanda's detention pending removal is authorized by § 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. at 701, the Supreme Court held § 1231(a)(6), read in light of the Constitution's demands, implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, which is presumably six months, and does not permit indefinite detention. Petitioner Kamuhanda has no basis for a claim pursuant to *Zadvydas*. Kamuhanda's Petition is premature because he has not been in custody longer than the presumptively reasonable six-month removal period. *See Okopju v. Ridge*, 115 Fed. Appx. 302, 2004 WL 2943629 (5th Cir., No. 3-11145, Dec. 20, 2004) ("The district court

properly denied [Petitioner's] claim regarding his continued detention as premature because, at the time of the district court's ruling, [Petitioner] had not yet been in custody longer than the presumptively reasonable six-month post removal order period"). Furthermore, because the six-month period has not expired, Petitioner has not exhausted his administrative remedies by giving the Bureau of Immigration and Customs Enforcement an opportunity to address the issue, and consequently this Court does not have a sufficient record to review this issue. *See Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003) (federal courts may require prudential exhaustion of administrative remedies where: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review").

Habeas corpus procedure provides "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . ." *See* Rule 4(b) of the Rules Governing § 2254 Cases. **Petitioner is directed to show cause within twenty-one (21) days why his § 2241 Petition should not be dismissed as conclusory and for failure to exhaust his administrative remedies by filing an amended Petition curing these deficiencies.** If Petitioner fails to respond to this Order, the Petition shall also be dismissed for failure to prosecute or comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED on February 23, 2010.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**